IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA                                                                PLAINTIFF

V.                                         CIVIL ACTION NO.: 3:16CV00080-DMB-SAA

JIMMY DALLAN NELMS; JIMMY MITCHELL;
JOSEPH MCNAIR; DANNY PETERS; AND
JOHN DOES 1-10                                                                   DEFENDANTS

MEMORANDUM BRIEF IN SUPPORT OF
RESPONSE TO MOTION FOR DEFAULT JUDGMENT

COMES NOW, defendant, Jimmy Mitchell, by and through counsel, and submits this his memorandum brief in support of his response to Travelers' motion for default judgment.

In its complaint, Travelers demanded judgment from all defendants jointly and severally. Because it is seeking judgment on a joint and several basis, their motion for default judgment should be denied.

While FRCP 55 allows for the court-ordered entry of default judgment, the courts have been wary of an inequitable and inconsistent result when not all the defendants are part of such a default. Where joint and several liability is at issue, the courts have held that a default judgment against one defendant, but not all defendants is inappropriate.

In Frow v. De La Vega, the U.S. Supreme Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 82 U.S. 552, 554 (1872). Mississippi federal district courts have relied on and echoed the holding in Frow, denying motions for default judgment because of "the possibility of inconsistent judgments among the similarly situated Defendants. . . ." Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC, 2013 WL 5445129 at *2 (S.D. Miss.) citing

Frow v. De La Vega.

Even more recently, in Allstate Property and Cas. Ins. Co. v. Moore, the district court denied the plaintiff's motion for default judgment wherein not all defendants failed to answer. 2014 WL 1400171 at *1 (S.D. Miss.). Allstate filed a declaratory judgment action against three defendants, but two of the defendants failed to answer or appear. Id. Allstate asked the court to enter a default judgment against the two non-answering defendants. Id. The court, however, denied Allstate's motion for default judgment, even though the motion requested the court to "hold in abeyance its ruling on whether Allstate is entitled to joint and several judgment against Moore and Morment" regarding investigative and litigation expenses. Id. In its analysis, the court stated, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Id. "In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Id.

Even though the court recognized that two of the defendants were technically in default, it held that "[w]hen joint and several liability is at issue, default judgment against one, but not all, potentially liable defendants is not appropriate." Id. at *2 (citing Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC, and Frow v. De La Vega, supra). Despite Allstate asking the court to hold the joint-and-several liability in abeyance, the court still held that "the remaining claims against [the three defendants] are, at least to some degree, intertwined and related. There is a risk that inconsistent judgments would result if the Court entered a default judgment against Morment and Williams and Moore ultimately prevailed." Id. at *2. Consequently, the court denied the motion without prejudice. Id.

The same situation is present here. Travelers alleges in its complaint that its claims

against the defendants are intertwined and that the defendants are jointly and severally liable. Consequently, a default judgment against some of the defendants would raise the possibility of inconsistent judgments, and such a default judgment is not appropriate.

WHEREFORE PREMISES CONSIDERED, this defendant prays that the court will deny Travelers' motion for default judgment.

This the 6th day of May, 2016.

          Respectfully submitted,

          JIMMY MITCHELL - Defendant

          By: /s/ Lanny R. Pace
          LANNY R. PACE, MSB #9996
          Attorney for Defendant

OF COUNSEL:

Lanny R. Pace
Ms Bar No. 9996
STEEN DALEHITE & PACE, LLP
P. O. Box 900
Suite 415 Heritage Building
401 East Capitol Street
Jackson, MS 39205-0900
Telephone: 601/969-7054
Facsimile: 601/353-3782

<u>CERTIFICATE OF SERVICE</u>

I, Lanny R. Pace, hereby certify that I have this day sent via the Court's ECF filing system, a true and correct copy of the foregoing instrument to the following counsel of record:

J. Wade Sweat
Alec M. Taylor
Krebs Farley, PLLC
One Jackson Place, Suite 900
188 East Capitol Street
Jackson, MS 39201
Counsel for Plaintiff

John R. White
Attorney at Law, LLC
123 South Fulton Street
Iuka, MS 38852
Counsel for Defendant Joseph McNair

This the 6th day of May, 2016.

                                                    /s/ Lanny R. Pace
                                                    LANNY R. PACE