IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TRAVELERS CASUALTY & SURETY**                                **PLAINTIFF**
**COMPANY OF AMERICA**

**V.**                                                   **NO. 3:16-CV-80-DMB-SAA**

**JIMMY DALLAN NELMS; JIMMY**
**MITCHELL; JOSEPH MCNAIR; DANNY**
**PETERS; AND JOHN DOES 1-10**                              **DEFENDANTS**

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

On February 19, 2016, Travelers Casualty & Surety Company of America ("Travelers") filed a complaint against Jimmy Dallan Nelms, Jimmy Mitchell, Joseph McNair, Danny Peters, and John Does 1-10. Doc. #1. The complaint seeks to impose joint and several liability against all defendants. *Id*. at 9. After being granted requested extensions to respond to the complaint, McNair and Mitchell each filed an answer. Doc. #11; Doc. #15. Neither Nelms nor Peters responded to the complaint. On March 24, 2016, Travelers moved the Court for an entry of default against Nelms and Peters and, later that day, a "Clerk's Entry of Default" was entered against Nelms and Peters. Doc. #9; Doc. #10.

On May 4, 2016, Travelers moved the Court for a default judgment against Nelms and Peters. Doc. #20. Two days later, Mitchell filed a response and memorandum in opposition to Travelers' motion for default judgment. Doc. #21; Doc. #22. Mitchell's opposition turns on the argument that, because "joint and several liability is at issue, default judgment against some, but not all, defendants is not appropriate." Doc. #21 at ¶ 3. Mitchell contends that "[s]uch a judgment raises the possibility of inconsistent judgments among similarly situated defendants." *Id.* Travelers filed no reply.

On May 31, 2016, Mitchell moved the Court to withdraw his opposition to Travelers' motion for a default judgment against Nelms and Peters. Doc. #28. Mitchell states in his motion to withdraw that he and Travelers have settled all claims against him and he therefore has no objection to Travelers' motion for a default judgment against Nelms and Peters. *Id.* at ¶¶ 3–4.

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977)). "In fact, 'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgments "are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" *Sun Bank of Ocala*, 874 F.2d at 276 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

The United States Supreme Court has held:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default ... and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60 (1872).

Consistent with *Frow*, district courts in this circuit have refused to enter a default judgment where, as here, joint and several liability is at issue and potentially liable co-defendants have answered. *See Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC*, No. 1:12-cv-213,

2

2013 WL 5445129, at *2 (S.D. Miss. Sep. 30, 2013) (denying default judgment "in order to avoid the possibility of inconsistent judgments among the similarly situated Defendants."); *Allstate Prop. and Cas. Ins. Co. v. Moore*, No. 3:13-cv-177, 2014 WL 1400171, at *2 (S.D. Miss. Apr. 9, 2014) ("When joint and several liability is at issue, default judgment against one, but not all, potentially liable defendants is not appropriate"). Numerous circuits and district courts throughout the county have applied this rule.[1]

The Court notes that while Mitchell has settled, McNair remains a defendant in this case who has not defaulted and faces joint and several liability with the defaulting defendants. Accordingly, under *Frow*, default judgment is inappropriate. Therefore, Travelers' motion for default judgment [20] is **DENIED without prejudice**. Mitchell's motion to withdraw his response [28] is **DENIED as moot.**

**SO ORDERED**, this 21st day of June, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] *See, e.g., Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.* 978 F.2d 430, 433 (8th Cir. 1992) ("the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claims against the nondefaulters is resolved"); *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (denying default judgment against one of multiple defendants); *see also* 10A Charles Alan Wright, *et al*., Federal Practice and Procedure § 2690 (3d ed.1998) (collecting cases) ("As a general rule [], when one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").