**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA** | **PLAINTIFF** |
| **V.** | **NO. 3:16-CV-80-DMB-RP** |
| **JIMMY DALLAN NELMS; JIMMY MITCHELL; JOSEPH MCNAIR; DANNY PETERS; AND JOHN DOES 1-10** | **DEFENDANTS** |

**ORDER**

Before the Court is Travelers Casualty and Surety Company of America's "Renewed Motion for Default Judgment on Damages Against Jimmy Dallan Nelms (Only)." Doc. #36.

**I**
**Factual and Procedural Background**[1]

On December 8, 2011, Travelers Casualty and Surety Company of America issued to Alcorn County, Mississippi, a $100,000 public official bond on behalf of newly elected supervisor Jimmy Dallan Nelms. Doc. #1 at ¶ 10; Doc. #1-1. To obtain the bond from Travelers, Nelms executed a Public Official Application and Indemnity Agreement ("Indemnity Agreement"). Doc. #1 at ¶ 15; Doc. #1-3.

"On or about December 2, 2014, the State of Mississippi, through the Office of the State Auditor, made demand on Nelms and Travelers for the sum of $308,244.71, relating to claims [of] embezzlement or misappropriation by Nelms from Alcorn County." Doc. #1 at ¶ 11. According to Travelers, Nelms entered joint and/or separate conspiracies with Jimmy Mitchell, Joseph McNair, and Danny Peters "to embezzle, misappropriate, convert and defraud money from Alcorn

---

[1] The factual background information is based on the allegations of the complaint, which have been accepted as true.

County." *Id*. at ¶ 12. After Travelers investigated the Alcorn County claim, "Alcorn County executed a Release and Assignment transferring, assigning and setting over to Travelers all the rights, demands and causes of action it may have against … the Defendants, in consideration for the payment by Travelers of $100,000.00, in full settlement of Travelers' liability under the Bond as a result of the acts of the Defendants." *Id*. at ¶ 13; Doc. #1-2.

On February 19, 2016, Travelers filed in the United States District Court for the Southern District of Mississippi a multi-count complaint against Nelms, Mitchell, McNair, Peters, and John Does 1-10.[2] Doc. #1. On March 24, 2016, Travelers filed an application with the Clerk of the Court for the entry of a default, along with a supporting affidavit averring that Nelms and Peters have "fail[ed] to answer or otherwise defend Travelers' Complaint." Doc. #9; Doc. #9-1. That same day, the Clerk of the Court entered default against Nelms and Peters. Doc. #10.

On April 26, 2016, the case was transferred to the Northern District of Mississippi. Doc. #13; Doc. #17; Doc. #18. Following transfer, on May 4, 2016, Travelers filed a motion for default judgment against Nelms and Peters.[3] Doc. #20. Because McNair, who had not defaulted, remained a defendant in this case and faced joint and several liability with the defaulting defendants, the Court denied Travelers' motion for default judgment without prejudice. Doc. #30.

On July 1, 2016, Travelers filed a second motion for default judgment against Nelms and

---

[2] The complaint contains seven counts. Count One alleges contractual indemnity, Count Two seeks specific performance, and Counts Three through Seven allege, respectively, breach of contract, assignment and subrogation, conspiracy, fraud, and conversion.

[3] On May 6, 2016, Mitchell filed a response in opposition to Travelers' motion for default judgment arguing that because "joint and several liability is at issue, default judgment against some, but not all, defendants is not appropriate." Doc. #21. On May 31, 2016, Mitchell moved the Court to withdraw his opposition to Travelers' motion for a default judgment against Nelms and Peters because he and Travelers had settled all claims against him; thus, he had no objection to Travelers' motion for default judgment against Nelms and Peters. Doc. #28.

Peters seeking a judgment in the amount of $100,000.[4]  Doc. #31.  On February 2, 2017, Travelers moved for a hearing.  Doc. #34.  On March 22, 2017, the Court entered an order which, among other things, granted default judgment on some claims against Nelms but denied without prejudice a judgment on damages for such claims.[5]  Doc. #35 at 15–16.  The order also denied as moot Travelers' request for a hearing.  *Id.*  On March 28, 2017, Travelers filed the instant motion for default judgment on damages against Nelms.  Doc. #36.

# III
# Analysis

Following a default judgment, "[a] plaintiff bears the burden of proving his damages." *Niemi v. Lasshofer*, 770 F.3d 1331, 1355 (10th Cir. 2014); *see Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (following default judgment, "the burden of establishing damages rest[s] squarely and solely" on the plaintiff).  Generally, a district court may only award damages without an evidentiary hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Travelers asserts that under the Indemnity Agreement, it is entitled to recover from Nelms the $100,000 penal sum of the bond it paid to Alcorn County.  Doc. #37 at 4.  In support, Travelers submits two affidavits from Barbara Check, a claim executive for Travelers; the Indemnity Agreement; the Public Official Bond; the Release and Assignment between Travelers and Alcorn County; and a copy of a check from Travelers to "Alcorn County, State of MS" in the amount of

---

[4] On July 5, 2016, Travelers filed a stipulation of dismissal, signed on its behalf and on behalf of Mitchell and McNair, dismissing all claims against Mitchell and McNair with prejudice pursuant to Federal Rule of Civil Procedure 41(a). Doc. #32.

[5] The Court granted the second motion for default judgment to the extent it sought to impose liability against Nelms for claims of contractual indemnity, specific performance, breach of contract, and conspiracy.  It also granted the motion against Nelms for claims of fraud and conversion for acts related to the rental of a paver and the payment of a cellular phone bill but denied the motion to the extent it sought to impose liability against him based on other allegations.  Regarding Peters, the motion was granted against him on the conspiracy claim but denied on the fraud and conversion claims.  The order also denied the "assignment and subrogation" claim.  *See* Doc. #35 at 15.

$100,000. Doc. #37-1–Doc. #37-5. In the first Check affidavit, Check repeats and attests to some of the allegations in the complaint. Doc. #37-4. In the second affidavit, Check avers that Travelers paid the $100,000 penal sum of the public official bond "based on the facts learned during Travelers' investigation and as set forth in the Complaint …." Doc. #37-5 at ¶ 3.

Considering such evidence, the Court concludes that an evidentiary hearing is unnecessary, and that Travelers is entitled to the $100,000 it paid Alcorn County. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092, 2013 WL 145502, at *4–5 (N.D. Tex. Jan. 14, 2013) (damages for breach of indemnity agreement related to bond ascertainable without hearing).

## IV
## Conclusion

Travelers's motion for default judgment damages against Nelms [36] is **GRANTED**. Travelers is awarded damages in the amount of $100,000 against Nelms.[6] A judgment will be issued accordingly.

**SO ORDERED**, this 23rd day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Travelers does not seek damages against Peters on its conspiracy claim.